UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────X

CHARLES TRENTO,

                Petitioner,                              MEMORANDUM
                                                        AND
     -against-                                                 ORDER

CHAIRMAN ROBERT DENNISON                             05 Civ. 5496 (PKC)
New York State Division of Parole,

                Respondent.
───────────────────────────────────────────────X

In an order and judgment both dated and entered on the Court's civil docket on October 15, 2007, the petition for a writ of habeas corpus was denied. <u>A.S. Goldmen, Inc. v. Phillips</u>, 2007 WL 2994453, 05 Civ. 5496 (PKC) (AJP) (S.D.N.Y. Oct. 15, 2007). At the same time, the Court issued a certificate of appealability as to the state court harmless error review on the <u>Crawford</u> issue. <u>Id.</u> On January 23, 2008, Petitioner filed a *pro se* submission styled as a "Motion to File a Late Notice of Appeal" ("Motion"). Petitioner has attached to his motion a completed motion form for relief under Fed. R. App. P. 4(a)(5) that is distributed by the Court's *Pro Se* Office. Granting Petitioner's *pro se* motion the liberal interpretation that it is due, see <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994), the Court construes Petitioner's motion to be a motion for an extension of time to file a notice of appeal, brought under Fed. R. App. P. 4(a)(5), and in the alternative, a motion to repoen the time to file a notice of appeal, brought under Fed. R. App. P. 4(a)(6). For the following reasons, however, Petitioner's motion, to the extent it is brought under either Fed. R. App. P. 4(a)(5) or 4(a)(6), is denied.

1

**DISCUSSION**

**Fed. R. App. P. 4(a)(5)**

Under Fed. R. App. P. 4(a)(5), in an action wherein the United States or its officer or agency is not a party, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30-day period in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A), (5)(A)(i). Orders and judgments dismissing an action are to be set forth on separate documents under Fed. R. Civ. P. 58(a), and are considered entered for the purposes of Fed. R. App. 4(a)

> when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:
> - the judgment or order is set forth on a separate document, or
> - 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

Fed. R. App. P. 4(a)(7)(A)(ii). The Court, however, "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam). The abovementioned order and judgment were both entered, as separate documents, on the Court's civil docket on October 15, 2007, pursuant to Fed. R. Civ. P. 79(a). Petitioner alleges that his attorney of record during this action did not receive the Court's October 15, 2007 order until November 30, 2007.[1] Under Fed. R. App. P. 4(a)(1)(A), Petitioner had until November 14, 2007 to file a timely notice of appeal. Thus,

---

[1] There is a notation on the Court's docket, dated December 4, 2007, that the delivered copy of the abovementioned judgment was returned to the Clerk by the United States Postal Service because the envelope containing the copy of the judgment was "not deliverable as addressed." The envelope, which has been made part of this action's Court file, was postmarked on November 27, 2007, and contained only a copy of the above-mentioned judgment, appeal instructions, and forms. It did not contain a copy of the Order.

under Fed. R. App. P. 4(a)(5)(A)(i), Petitioner had until December 14, 2007 to file a timely motion for an extension of time to file a notice of appeal.

As discussed above, Petitioner did not file his motion until January 23, 2008. Thus, this motion, to the extent it is brought under Fed. R. App. P. 4(a)(5), is untimely and the Court lacks the discretion to grant the motion. See Cohen, 142 F.3d at 118. Therefore, to the extent Petitioner brings a motion under Fed. R. App. P. 4(a)(5), the motion is denied.

**Fed. R. App. P. 4(a)(6)**

Fed. R. App. P. 4(a)(6), provides that a

> district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Under Fed. R. Civ. P. 77(d),

> (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in [Fed. R. Civ. P.] 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
> (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Id. Permissible service under Fed. R. Civ. P. 5(b) includes service upon a party's attorney. Fed. R. Civ. P. 5(b)(1). A district court lacks the discretion to grant a motion brought under Fed. R. App.

P. 4(a)(6) unless all of the requirements listed above have been met. See Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994) (per curiam).

A. Fed. R. App. P. 4(a)(6)(A)

The above-mentioned order and judgment were entered, for the purposes of Fed. R. App. P. 4(a), on October 15, 2007. See Fed. R. App. P. 4(a)(7)(ii). The Court's docket, however, does not indicate when the Clerk mailed a copy of the order and judgment to Petitioner's attorney. Yet, as discussed above, Petitioner states in his motion that his attorney received a copy of the Court's October 15, 2007 order on November 30, 2007. Thus, the Court finds that, pursuant to Fed. R. Civ. P. 5(b) and 77(d), and Fed. R. App. P. 4(a)(6)(A), Petitioner received notice of the entry of the order and/or judgment on November 30, 2007, when his attorney received a copy of the Court's order and/or judgment. See Fed. R. Civ. P. 5(b)(1), 77(d). Therefore, Petitioner received notice of the entry of the order and/or judgment, pursuant to Fed. R. Civ. P. 77(d), outside of the 21-day period articulated in Fed. R. App. P. 4(a)(6)(A).

B. Fed. R. App. P. 4(a)(6)(B)

For the purposes of the Fed. R. App. P. 4(a)(6)(B), the seven-day period after which Petitioner received notice of the entry of the order and judgment expired on December 11, 2007, seven business days after November 30, 2007. See Fed. R. Civ. P. 77(d); Fed. R. App. P. 4(a)(6)(B), 26(a)(2) (computing time to exclude intermediate Saturdays, Sundays, and legal holidays when the period described under the Federal Rules of Appellate Procedure is less than 11 days). Thus, it appears that Petitioner had, at the latest, until December 14, 2007 to file his motion to reopen the time to file a notice of appeal under Fed. R. App. P. 4(a)(6)(B). See Fed. R. App. P. 26(c) ("When a party is required or permitted to act within a prescribed period after a paper is served on that party,

4

3 calendar days are added to the prescribed period unless the paper is delivered on the date of service stated in the proof of service."). As stated above, Petitioner filed his motion on January 23, 2008. Therefore, to the extent Petitioner brings a motion under Fed. R. App. P. 4(a)(6), it is untimely and this Court lacks the discretion to grant such a motion. Thus, to the extent Petitioner brings his motion under Fed. R. App. P. 4(a)(6), his motion is denied.

## CONCLUSION

Petitioner's motion, to the extent it is brought under Fed. R. App. P. 4(a)(5) and/or Fed. R. App. P. 4(a)(6), is denied. As Petitioner has not made a substantial showing of the denial of a constitutional right with respect to what has been raised in his motion, a certificate of appealability will not issue with respect to the motion. 28 U.S.C. § 2253(c); Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith.[2] See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. KEVIN CASTEL
United States District Judge

Dated: February 13, 2008
New York, New York

---

[2] The Court notes that Petitioner's motion lacked proof of service upon Respondent, and was, thus, made *ex parte*. While an *ex parte* motion is permissible with respect to relief sought under Fed. R. App. P. 4(a)(5), it is not permissible with respect to relief sought under Fed. R. App. P. 4(a)(6). See Fed. R. App. P. 4(a)(5)(B), (a)(6), 25(b), (c), (d).

5